# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darlene Mabin, R.N., : 
                Petitioner : 
                 : 
            v. : No. 1763 C.D. 2017
                 : SUBMITTED: June 4, 2018
Bureau of Professional and : 
Occupational Affairs, State Board : 
of Nursing, : 
              Respondent : 


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: June 29, 2018**


      Darlene Mabin, R.N. (Licensee) petitions for review of an order of the State Board of Nursing (Board) that imposed disciplinary action of one year of probation, with alcohol monitoring, pursuant to Section 14(a)(2) of the Professional Nursing Law (Law).[1]  We affirm.

      In March 2009, Licensee obtained a license to practice as a registered nurse.  In July 2014, the Board's probable cause committee issued an order compelling her to undergo an examination with George E. Woody, M.D.  When she failed to comply, the Commonwealth filed a motion to deem facts admitted.  Once she filed an answer, it withdrew the motion and rescheduled an examination for

---

[1] Act of May 22, 1951, P.L. 317, *as amended*, 63 P.S. § 224(a)(2).

December 2014.  Based on Dr. Woody's diagnosis, it filed a March 2015 order to show cause alleging that Licensee was unable to practice nursing unless monitored for three years.  After several requests for an extension of time to file an answer, Licensee filed one in July 2015.  In November 2015, she retained an attorney.  Following numerous continuances, a hearing examiner held an administrative hearing in March 2016.

At the hearing, Dr. Woody recommended that Licensee take part in a monitoring program with random urine testing and reports from her psychiatrist for one year to verify independently that she can practice safely.  In his closing statement, counsel for Licensee stated:  "The monitoring recommendation of a year with continued therapy and random testing is something with which [Licensee] has no problem, and [she would readily accept] that type of condition in order . . . to continue to work . . . ."  (March 31, 2016, Notes of Testimony (N.T.) at 47; Reproduced Record (R.R.) at 59a.)  Thereafter, the hearing examiner issued a February 2017 proposed adjudication and order (proposed report) with detailed conditions of probation.  In March 2017, the Board issued a notice of intent to review the proposed report and sanction and neither party filed a brief on exceptions.  In November 2017, the Board issued a final order essentially adopting the hearing examiner's report.[2]  Licensee did not file a request for reconsideration.  Her appeal to this Court followed.

We first address the determinative issue of whether Licensee waived the right to raise any issues on appeal for failure to file a brief on exceptions to the proposed report or a request for reconsideration of the Board's final order adopting

_____

[2] According to the Board:  "The only difference in the monitoring terms is the inclusions of a supervision requirement in Paragraphs 29-33 of the Final Order and removal of specific references to Dr. Bell [Licensee's treating psychiatrist] in the Evaluation section."  (Board's Brief at 8.)

2

that report. In her brief, Licensee stated that she raised and preserved her issues in the petition for review filed with this Court thereby tacitly acknowledging that she failed to raise any issues below. Nonetheless, she argues in her reply brief that her failure to file exceptions did not result in waiver because the Board gave notice of its intention to review "regardless" of whether either party filed exceptions. In support of her position, Licensee recites the Board's proffered authority for review, a regulation entitled "Final orders." In pertinent part, it provides:

> (a) Adjudications of an agency head shall be final orders, subject only to application for rehearing, if any, provided for by the statute under which the proceeding is initiated and conducted . . . . Final orders shall include:
>
> . . . .
>
> (2) Adjudications by the agency head upon appeal of proposed reports by participants, by filing exceptions in the manner and time provided by § 35.211 (relating to procedure to except to proposed report), or upon review initiated by the agency head within 10 days next following the expiration of the time for filing exceptions under the section, or another time as the agency head may fix in specific cases.

1 Pa. Code § 35.226(a)(2).

Contrary to Licensee's contention, the above regulation does not provide that an agency's decision to conduct a review relieves a party of the burden to raise and preserve issues by filing exceptions in the form of a brief on exceptions in accordance with the General Rules of Administrative Practice and Procedure at 1 Pa. Code §§ 35.211-.214. Instead, it pertains to when an adjudication becomes a final order. *See Earth Share v. Office of Admin.*, 660 A.2d 138, 141 (Pa. Cmwlth. 1995) (after agency circulated a proposed report, advised counsel that exceptions could be filed within thirty days, and none were filed, such inaction constituted a

waiver of objections to the proposed report and it was deemed a final order by operation of law pursuant to 1 Pa. Code §§ 35.213 and 35.226).

Moreover, the hearing examiner in her February 28th proposed report advised the parties that the Board had announced its intention to conduct a review. In the attached notice, she also explained that any participant that wished to appeal had to file exceptions and that the failure to do so would result in a waiver of all objections. Subsequently, the Board in its March 9th Notice of Intent to Review advised the parties as follows:

> If either party wishes to submit further argument regarding the proposed sanction, [it] must do so in a Brief on Exceptions to the [proposed report], which must be filed, in accordance with the General Rules of Administrative Practice and Procedure at 1 Pa. Code §§ 35.211-[.]213, within thirty (30) days after the service of a copy of the proposed report. If either party wishes to file a Brief Opposing Exceptions, [it] must do so, in accordance with the General Rules, within 20 days after the time for filing of Briefs on Exceptions.

(March 9, 2017, Notice of Intent to Review; R.R. at 94a.) Accordingly, this is not a case where the Board by virtue of its decision to conduct a review misled either party regarding the necessity of filing exceptions.

Furthermore, following the Board's issuance of a final order, Licensee did not request reconsideration. Instead, she filed only a petition for review therein raising objections for the first time. Accordingly, she waived her opportunity to raise issues on appeal. 1 Pa. Code § 35.213 (failure to file a brief on exceptions constitutes a waiver of all objections to the proposed report); Pennsylvania Rule of Appellate Procedure 1551 (an appellate court is precluded from reviewing an issue which was not raised and preserved before an agency unless it finds that appellant

4

could not have done so by the exercise of due diligence or he or she otherwise shows good cause for permitting the court to depart from this rule).

For the above reasons, therefore, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darlene Mabin, R.N.,                    :
                          Petitioner    :
                                        :
            v.                          :    No. 1763 C.D. 2017
                                        :
Bureau of Professional and             :
Occupational Affairs, State Board      :
of Nursing,                             :
                          Respondent    :


## **O R D E R**


AND NOW, this 29th day of June, 2018, the order of the State Board of Nursing is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge